UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**WB MUSIC CORP., UNIVERSAL-POLYGRAM
INTERNATIONAL PUBLISHING, INC., DUBOSE
& DOROTHY HEYWARD MEMORIAL FUND
PUBLISHING, GEORGE GERSHWIN MUSIC
and IRA GERSHWIN MUSIC,**

> **Plaintiffs,**

> **vs.**                                    **1:06-CV-1238**

**LARK 301, INC. and JOHN DeJOHN,**

> **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Hancock & Estabrook, LLP
Michael J. Sciotti, Esq., of Counsel
1500 MONY Tower I
Syracuse, NY 13221
Attorneys For Plaintiff

**Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM DECISION AND ORDER

### INTRODUCTION

Presently before the Court is plaintiffs' motion (Dkt. No. 13) for an order granting default

judgment against defendants Lark 301, Inc., and John DeJohn in this action for copyright

infringement based on defendants' public performances of copyrighted musical compositions, in

violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiffs seek an award of statutory

damages pursuant to 17 U.S.C. § 504(c)(1), an award of attorney fees and costs, and a permanent

injunction prohibiting further infringing performances.

**THE COMPLAINT**

According to the complaint, plaintiffs own the exclusive copyrights for the following musical compositions: "Someone to Watch Over Me"; "The Song is You"; and "Summertime." Defendant Lark 301, Inc., owns and operates Justin's, a place of business for public entertainment, accommodation, amusement and refreshment, in Albany, New York.  Defendant John DeJohn is the principal of defendant Lark 301, Inc., with primary responsibility for the control, management and operation of Justin's.  The complaint alleges that defendants infringed the copyright in each composition by giving unauthorized public performances of the above named musical compositions at Justin's.

The complaint claims that defendants have not sought or obtained a license agreement to give public performances of these compositions from plaintiffs or the American Society of Composers, Authors and Publishers ("ASCAP"), a performing rights licensing organization of which plaintiffs are members.  Further, although ASCAP representatives sent numerous letters and made other contacts to inform defendants of plaintiffs' rights under the Copyright Act, defendants have performed and continue to perform copyrighted music without permission during the hours that defendants' establishment is open to the public for business and the presentation of musical entertainment.  Thus, plaintiffs allege, defendants knowingly and intentionally violated plaintiffs' rights under the Copyright Act.

Plaintiffs seek: (1) a permanent injunction enjoining plaintiffs from publicly performing or allowing the public performance of the compositions on defendants' premises; (2) statutory damages pursuant to 17 U.S.C. § 504(c)(1); and (3) an award of costs and attorneys' fees.

## DISCUSSION

### Procedure on default

Rule 55 of the Federal Rules of Civil Procedure sets forth the procedure for obtaining a default judgment where a defendant has failed to plead or otherwise defend an action.  Under Rule 55(b)(2) and Local Rule 55.2, to obtain default judgment, a plaintiff must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain a clerk's entry of default, *see* Fed. R. Civ. P. 55(a); N.Y.N.D.L.R. 55.1; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent or in the military service.  *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.2.

Plaintiffs filed the complaint on October 11, 2006, and served both defendants on October 20, 2006.  Defendants have not answered or otherwise appeared in this action.  On November 20, 2006, plaintiffs obtained a clerk's entry of default.  Plaintiffs have submitted an affidavit that the individual defendant is not in the military service, nor is he an infant or incompetent.  The present motion has been served on defendants, and defendants have interposed no opposition.  Plaintiffs have fulfilled the procedural prerequisites; accordingly, the Court turns to address liability and damages.

### Liability

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability[.]" *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992).  To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ls, Inc. v. Rural Tel.*

3

*Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted); *see Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir.) ("To establish an infringement of a copyright, a plaintiff must show both ownership of a copyright and that defendant copied the protected material without authorization.").

The facts in the complaint, which are deemed admitted, are that plaintiffs are the owners of copyrights in the three musical compositions at issue; that defendant Lark 301, Inc. owns and operates Justin's, a place of public entertainment; that defendant John DeJohn as principal of Lark 301, Inc. is primarily responsible for the control, management and operation of Justin's; that defendants have been given repeated notification of their obligations under the copyright laws; that without plaintiffs' permission or consent, unlicensed public performances of the compositions were given at Justin's for the entertainment and amusement of its patrons; and that defendants had the authority to supervise the infringing activity and benefitted from the infringing performances.  Plaintiffs submit the report of Lawrence DeMarco, an independent investigator, stating that while he was in defendants' establishment on the evening of May 4, 2006, he heard each of the three copyrighted songs in issue performed publicly.  Accordingly, plaintiffs have established that defendants are jointly liable for violations of the Copyright Act.

**Relief requested**

Plaintiffs seek an award of damages, attorneys' fees and costs, and entry of a permanent injunction.  Where a default judgment is based on a party's failure to defend, the damages allegations in the complaint are not deemed true; rather, the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty.  *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  A court may determine damages based on affidavits, as long as the court ensures that they provide a basis for the damages specified in the

default judgment. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997).

*Statutory damages*

Under the Copyright Act, a copyright owner may recover either actual damages and profits or statutory damages. With respect to statutory damages, the Act provides that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages of all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1).

Statutory damage awards under the Copyright Act serve both compensatory and punitive purposes. *See Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195-96 (1st Cir. 2004). The Act affords courts wide discretion in making such an award. *See Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116-17 (2d Cir. 1986). With respect to the compensatory aspect of an award, courts consider factors such as the value of the copyright, revenues lost by the plaintiff, and expenses saved and profits realized by the infringer; with respect to the punitive aspect, courts consider the deterrent effect of an award on both the infringer and others, and whether the infringement was willful. *See id.* at 1117. An infringer acts willfully within the meaning of the Act when it acts with knowledge that it is infringing or when it recklessly disregards the possibility of infringement. *See Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999).

In this case, plaintiffs seek an award of statutory damages in the amount of $3,500 per work infringed, for a total award of $10,500. Because plaintiffs seek an award in excess of the minimum statutory damages available, the Court must consider whether a determination of the

appropriate amount of statutory damages can be made upon review of the materials before the Court or whether a hearing is required. *See Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (no abuse of discretion to decline a request for a hearing when awarding statutory damages within the prescribed statutory damage range). Here, plaintiffs do not seek a hearing, but instead submit an affidavit and other evidentiary material in support of their application for an award of damages within the statutory range. The evidence submitted by plaintiffs is sufficient to enable the Court to determine the question of damages. Thus, no hearing is required.

In support of their application, plaintiffs submit an affidavit from Douglas Jones, Litigation Administrator in ASCAP's General Licensing Department, stating that between November 2004 and April 2006, ASCAP sent at least ten letters to defendants in an effort to induce them to enter into an ASCAP license agreement. Attached to Jones' affidavit are copies of the letters and enclosures. Jones further avers that ASCAP representatives telephoned defendants several times and spoke with DeJohn by telephone to discuss the need for an ASCAP license agreement. ASCAP representatives also visited Justin's on four occasions and met with DeJohn in person to discuss licensing. Jones asserts that despite these repeated contacts defendants have not obtained an ASCAP license or received permission from ASCAP members to perform their compositions at Justin's.

Jones further states that, if defendants had properly obtained rights to use the material during the time period in issue, defendants would have paid a total of $2,372. This amount represents loss to plaintiffs and benefit to defendants stemming from defendants' conduct. Moreover, Jones's affidavit and attachments, as well as DeMarco's report, establish that ASCAP expended extensive effort to protect plaintiff's interests and attempt to persuade defendants to

meet their legal obligations, although plaintiffs's submissions do not assign a monetary amount to these efforts.

Jones's affidavit and attachments, demonstrating ASCAP's repeated notification to defendants and defendants' refusal to enter a licencing agreement over a lengthy period of time, provide strong evidence that the infringement is willful.  Willfulness is further shown by defendants' failure to appear and defend this action despite service on them of the complaint, the clerk's entry of default, and the motion for default judgment.

In determining the amount of statutory damages to award, the Court notes that the purpose of the copyright law is to "encourage the origination of creative works by attaching enforceable property rights to them."  *Diamond v. Am-Law Publ'g* Corp., 745 F.2d 142, 147 (2d Cir. 1984). Defendants in the instant case should not be permitted to defeat this purpose with impunity.  A damage award limited to the amount that defendants would have been required to pay if they had complied with the law would not serve as a sanction against them for their willful conduct, nor would it serve to deter others or to encourage careful adherence to the law.  However, the Court declines to award the full amount of statutory damages sought by plaintiffs, in part because the infringing performances in issue occurred only in defendants' establishment and were not disseminated on the internet, on compact discs, or in any other manner that would reach a wider audience; thus, the infringement caused relatively limited damage to plaintiffs' interests.  Thus, the Court in its discretion awards plaintiffs statutory damages in the total amount of $4,744, twice the amount defendants would have paid in licensing fees during the time in issue.  Moreover, the Court awards attorneys' fees and costs to plaintiffs, as discussed below.

*Attorneys' fees*

Plaintiffs seek recovery of attorneys' fees and litigation costs.  The Copyright Act authorizes a court in its discretion to award costs including a reasonable attorneys' fee to the prevailing party in a copyright infringement action.  *See* 17 U.S.C. § 505.  On this record, particularly in view of the willful nature of defendants' infringing conduct, an award of attorneys' fees is warranted.

In determining the appropriate fee award, the Court considers what a reasonable paying client would be willing to pay, based on factors such as the complexity and difficulty of the case, the resources required to prosecute the case effectively, the timing demands of case, and any other returns the attorney may have expected from the representation.  *See generally Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, --- F.3d ----, 2007 WL 2004106, *1 (2nd Cir. 2007).  Here, Michael J. Sciotti, Esq., a partner in Hancock & Estabrook, LLC, was admitted to practice in 1992 and, during the course of his professional career, has focused mainly on federal court litigation, primarily involving intellectual property and labor and employment law matters.  Carolyn Symonds, a paralegal, assisted with the case.  Currently, the prevailing rates in this district are $210 for experienced attorneys and $80 for paralegals.  On this record, the Court notes the following: copyright cases typically must be handled by an attorney with expertise; this particular copyright case is relatively routine and non-complex; much of the work could be handled by a paralegal; and counsel apparently handles a number of matters for ASCAP. Under all of the circumstances, a reasonable client would be willing to pay the prevailing rates in this district for this particular case; the record does not warrant an award in excess of the prevailing rates.  Attorney Sciotti has spent 3.55 hours on the matter, for a total sum of $745.50, and Ms. Symonds has spent 13.75 hours on the matter, for a total sum of $1,100.

Accordingly, plaintiffs are awarded attorneys' fees in the amount of $1,845.50, plus

$462.50 filing and service fees, for a grand total of $2,308.

*Permanent injunction*

The following findings are based on plaintiffs' complaint and submissions on this motion

and on defendants' failure to appear in the action.  Plaintiffs are, and at the relevant times were,

the owners of exclusive rights under the United States copyright laws with regard to the following

musical compositions: "Someone to Watch Over Me"; "The Song is You"; and "Summertime."

Defendant Lark 301, Inc. owns and operates Justin's, a place of public entertainment, and

defendant John DeJohn as principal of Lark 301, Inc. is primarily responsible for the control,

management and operation of Justin's.  Defendants have been given repeated notification of their

obligations under the copyright laws; nevertheless, without plaintiffs' permission or consent,

unlicensed public performances of the compositions took place at Justin's for the entertainment of

its patrons.  Defendants had the ability to supervise the infringing activity and benefitted from the

infringing performances.  There is no evidence that the defendants have ceased their infringing

activities or that, absent the issuance of an injunction, they would do so.  Defendants' failure to

respond to plaintiffs' complaint indicates that they do not take seriously the requirements of the

Copyright Act or the unlawfulness of their infringing activity, and further suggests the absence of

a legitimate defense.  Absent the issuance of injunctive relief, plaintiffs will continue to suffer

irreparable harm, for which there is no adequate remedy at law.

Based on these findings, plaintiffs are awarded a permanent injunction as follows:

defendants and all persons acting under the direction, control, permission or authority of

defendants are enjoined and restrained permanently from publicly performing the musical

compositions: "Someone to Watch Over Me"; "The Song is You"; and "Summertime"; and from causing or permitting them to be publicly performed in defendants' premises, or in any place owned, controlled or conducted by defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

## CONCLUSION

It is therefore

ORDERED that plaintiffs' motion (Dkt. No. 13) for default judgment against defendants is granted; and it is further

ORDERED that plaintiffs are awarded $4,744 in statutory damages; and it is further

ORDERED that plaintiffs are awarded a total of $2,308 in attorneys' fees and filing and service fees; and it is further

ORDERED that defendants and all persons acting under the direction, control, permission or authority of defendants are enjoined and restrained permanently from publicly performing the musical compositions: "Someone to Watch Over Me"; "The Song is You"; and "Summertime"; and from causing or permitting them to be publicly performed in defendants' premises, or in any place owned, controlled or conducted by defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

IT IS SO ORDERED.

July 24, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

10